**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

EMURSIVE LLC,                                           Case No.:


                              *Plaintiff,*              **VERIFIED COMPLAINT**
                                                        **AND JURY DEMAND**

        - against -

FROM THE UNDERGROUND TO OVERGROUND
LLC; OBERON GROUP, LLC; CENTAUR
PROPERTIES LLC; MEANRED PRODUCTIONS
LLC, and WILLIAM ETUNDI JR.

                              *Defendants.*
-----------------------------------------------------------------------x

        Plaintiff Emursive LLC ("**Plaintiff**" or "**Emursive**") by and through its undersigned

counsel, Peraino Malinowski, as and for its complaint against Defendants From The Underground

To Overground LLC; Oberon Group, LLC; Centaur Properties, LLC; Meanred Productions LLC,

and William Etundi Jr. (collectively, the "**Defendants**" or the "**CX Parties**"), alleges as follows:

### JURY TRIAL DEMAND

1.      Plaintiff requests a trial by jury on all claims included herein.

### STATEMENT OF CASE

2.      This is an action for trademark infringement, false designation of origin, and unfair

competition arising from Defendants' deliberate and unauthorized use of Emursive LLC's

federally registered trademarks—SLEEP NO MORE (Registration No. 4667117), THE

MCKITTRICK HOTEL (Registration No. 5669479) and THE MCKITTRICK HOTEL

(Registration No. 5919326), (the "**McKittrick Marks**")—in connection with the promotion of a

competing immersive Halloween event.

3.      For more than a decade, Emursive has produced world-renowned immersive theatre and events in New York City under the McKittrick Marks, two of which have, to date, achieved incontestable status with the United States Patent and Trademark Office and are recognized globally for their distinctive style and cultural impact.

4.      On or about September 2025, Defendants—operating under the "**CX (Collective)**" brand—began advertising a Halloween series titled Tell No One ("**Defendants' Event**"), using Emursive's McKittrick Marks in marketing materials, emails, and social media posts to knowingly and purposefully confuse consumers into believing that Defendants' Event was run by, backed by or endorsed by Emursive.

5.      Defendants' infringing conduct was intentional and calculated to exploit the goodwill associated with Emursive's marks, mislead consumers, and trade on Emursive's reputation for theatrical excellence. Their actions have already caused actual confusion among consumers and industry professionals and threaten irreparable harm to Emursive's brand.

6.      Emursive brings this action to stop Defendants' willful infringement, prevent further consumer deception, and recover damages, profits, and attorneys' fees under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as to obtain injunctive relief restoring the integrity of its marks and reputation.

## PARTIES

7.      Emursive is a New York limited liability company operating in New York City.

8.      Defendant From The Underground To Overground LLC is a New York limited liability company with its principal address at 530 West 27th Street, New York, New York 10001.

9.      Defendant Oberon Group, LLC is a New York limited liability company with its principal address at 233 Butler Street, Brooklyn, New York 11217

10.     Defendant Centaur Properties, LLC is a New York limited liability company with its principal address at 580 Fifth Avenue, 32nd Floor, New York 10036.

11.     Defendant Meanred Productions LLC is a New York limited liability company with its principal address at 249 Smith Street, Suite 184, Brooklyn, New York 11231.

12.     William Etundi Jr. is, on information and belief, an individual residing in New York City.

## JURISDICTION AND VENUE

13.     This claim arises under the trademark laws of the United States, more specifically, 15 U.S.C.A. § 1125(a).

14.     Venue is proper in this court by virtue of 28 U.S.C.A. § 1391(b) because this is the judicial district in which some of the defendants reside, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

15.     This Court has personal jurisdiction under 15 U.S.C.A. §§ 1121, 1125(a), and 1126(h), and 28 U.S.C.A. § 1338(a), because the CX Parties' tortious acts of trademark infringement all occurred either directly within this jurisdiction, as well as throughout the United States, and/or was specifically targeted at this jurisdiction.

16.     The CX Parties knew, or should have known, that their acts of trademark infringement targeted this jurisdiction and/or would have a direct impact on persons or entities located in this jurisdiction where the intellectual property was created, is stored, and where the subject matter of this action resides.

## FACTUAL BACKGROUND

17.     Emursive is a performing arts and events company that produces, organizes, and operates immersive theatre and events in unique locations in the New York City area.

18.     Emursive owns three trademarks at issue in this litigation, 'SLEEP NO MORE' and 'THE MCKITTRICK HOTEL' (the "**McKittrick Marks**").

19.     Two of McKittrick Marks have received incontestability status at the United States Patent and Trademark Office ("**USPTO**") and have been in continuous use since as early as 2011.

20.     Emursive produced and operated a long-running and incredibly popular Halloween party for nearly fifteen years in New York City under the McKittrick Marks (the "**McKittrick Party**").

21.     The McKittrick Party was located at THE MCKITTRICK HOTEL, a multilevel events and hospitality concept Emursive owns and, until January 1, 2025, operated in commercial space Emursive leased in the Chelsea neighborhood of New York City.

22.     The McKittrick Party was branded with and hosted by both SLEEP NO MORE and THE MCKITTRICK HOTEL.

23.     Emursive produced and operated a variety of other events and programs throughout the year in the Chelsea space since Emursive opened THE MCKITTRICK HOTEL in 2011.

24.     Emursive discontinued using the Chelsea space on or about January 1, 2025, but continues to plan events and programming and sell merchandise under THE MCKITTRICK HOTEL mark. Emursive operates a website under the mark, *inter alia*, in this pursuit.

### The SLEEP NO MORE Mark

25.     To provide further background, on May 29, 2014, Emursive LLC submitted its application with the USPTO to register the trademark 'SLEEP NO MORE.'

26.     The application describes the mark as follows:

> The literal element of the mark consists of Sleep No More. The mark consists of standard characters, without claim to any particular font, style, size, or color.

27.    The Application further provided that Emursive first used the mark at least as early as March 7, 2011, in conjunction with International Class 041 Entertainment services, namely, live theatrical performances.

28.    That mark was registered as Trademark Reg. No. 4667117 on January 6, 2015, and remains live and active.

29.    On March 12, 2021, the SLEEP NO MORE Registration was awarded Section 8 & 15 approval and incontestability status, and it has since received Section 8 & 9 renewals.

## THE MCKITTRICK HOTEL Marks

30.    On June 6, 2018, Emursive LLC submitted an application with the USPTO to register 'THE MCKITTRICK HOTEL' trademark.

31.    According to the application, the "literal element" is the phrase, 'THE MCKITTRICK HOTEL' and "[t]he mark consists of standard characters, without claim to any particular font style, size, or color."

32.    The Application further provided that Emursive first used the mark at least as early as 03/07/2011 in conjunction with International Class 041 "[e]ntertainment services, namely, cabarets and other live musical and theatrical performances.

33.    That mark was registered as Trademark Reg. No. 5669479 on February 5, 2019, and remains live and active.

34.    On September 5, 2024, the THE MCKITTRICK HOTEL Registration was awarded Section 8 & 15 approval and incontestability status.

35.    On May 7, 2019, Emursive LLC submitted an additional application with the USPTO to register 'THE MCKITTRICK HOTEL' trademark.

36.     According to the application, the "literal element" is the phrase, 'THE MCKITTRICK HOTEL,' and "[t]he mark consists of standard characters, without claim to any particular font style, size, or color."

37.     The Application further provided that Emursive first used the mark at least as early as 03/07/2011 in conjunction with International Class 041, "[e]ntertainment services, namely, cabarets and other live musical and theatrical performances, and International Class 041 Bar and restaurant services.

38.     That mark was registered as Trademark Reg. No. 5919326 on November 26, 2019, and remains live and active.

**The CX Parties Used the McKittrick Marks Without Emursive's Permission**

39.     On information and belief, From The Underground To Overground LLC operates an underground social club known as CX (Collective) that operates a variety of pop-up events in New York City.

40.     William Entundi Junior is the founder of the CX (Collective).

41.     On or about early September 2025, the CX Parties began advertising and promoting an immersive Halloween party called 'Tell No One' (the "**Event**"), incorporating the trademarks for SLEEP NO MORE and THE MCKITTRICK HOTEL without authorization.

42.     According to various marketing communications for Defendants' Event, From the Underground to Overground LLC; Meanred Productions LLC; Oberon Group, LLC; and Centaur Properties, LLC are the entities behind Defendants' Event.

43.     The CX Parties advertise Defendants' Event as an immersive masquerade party including both live music and theatrical performances and dancing—just like the McKittrick Party.

44.     According to the CX Parties' own advertising content, Defendants' Event will take place in the same building that THE MCKITTRICK HOTEL once occupied.

45.     On the home page of the website for Defendants' Event (https://tell-no-one.co/), the location is described as "the former home of the **McKittrick** (host of **Sleep No More**[...]). A screenshot of the Website is included below. Please note that they purposefully boldened the McKittrick Marks



46.     On or about September 11, the CX Parties sent or caused to be sent an email including the following:

> It's taken 2 years, 2 months, and 10 days of experimenting, of testing, of feeling into the beating heart of NYC to arrive at this moment.
>
> Over the coming weeks, we will be revealing two projects we've been building from the ground up: our underground social club, now fixed permanently within Tribeca, and our full-throated return to the night, a two-week Halloween series of masquerade events at the former **McKittrick Hotel.**
>
> [...]
>
> In October, our team offers you our Halloween experience: Tell No One.

…featuring dozens of partners, hundreds of artists, performers, and musicians, and a wild, wild line-up that we hope will place this event firmly on the global stage.

47.    The email uses the **McKittrick Hotel** registration in **bold** and clearly attempts to confuse consumers into believing that Emursive is organizing or involved in Defendants' Event.

48.    The email also contained an image of a diagram of the purported event space of Defendants' Event, which indicated that the CX Parties were "Reimagining the McKittrick." The image is included below.



Exhibit II:
*Reimagining the McKittrick*

49.    On or about October 8, 2025, CX posted or caused to be posted the following Instagram advertisement. The advertisement positioned The McKittrick Hotel mark at the top and

boldened the Sleep No More  mark and claimed that they were "a landscape of performance for [CX's] upcoming event series, Tell No One." A screenshot of the Instagram post is included below.



50.     The CX Parties have posted or caused to be posted other Instagram stories, which use the McKittrick Marks to advertise Defendants' Event.

51.     There is a Reddit page dedicated to Sleep No More (r/sleepnomore) containing over 3,000 members.

52.    The CX Parties have posted or caused to be posted at least three Reddit posts in the Sleep No More Reddit page advertising their event and explicitly referencing the McKittrick Marks.

53.    Specifically, on or about October 6, 2025, Mr. Etundi made a post titled "My team is taking over the former McKittrick (home of Sleep No More) to create a late-night Halloween Masquerade event series called: Tell No One."

54.    In describing Defendants' Event, Mr. Etundi stated:

> We have been, like you, huge, huge fans of **Sleep No More** since the very beginning. In fact, my team helped source some of the artists to do the final build way back when it opened in 2011.

55.    Mr. Etundi even went so far as to ask the Reddit community to contact the CX Parties and include "I'm a Sleep No More fan" in the subject line:

> If you'd like to come experience the event, *and* get a private tour of the building as we are building it out, buy a ticket at the link below and then email us at: thefuture@cllctv.com with the subject "I'm a Sleep No More fan" and we will send you an invitation for the private tour of the building this coming Saturday evening, October 11th from 7pm to midnight.

56.    On information and belief, the CX Parties are clearly trying to give the impression that Emursive is either involved in the production of Defendants' Event or endorses Defendants' Event.

57.    Additionally, on or about September 14, 2025, the CX Parties posted or caused to be posted an advertisement containing the diagram of the purported event space of Defendants' Event, which contained the previous email blast, which indicated the CX Parties are "Reimagining the McKittrick."

58.    The CX Parties' use of the McKittrick Marks has already resulted in confusion.

59.    Emursive's box office has received phone calls from consumers inquiring about tickets or information for Defendants' Event almost every day since the CX Parties began advertising Defendants' Event.

60.    Additionally, a number of Emursive's own employees contacted Emursive's production manager, inquiring whether Emursive was involved in Defendants' Event and expressing confusion as to why they had no knowledge of Defendants' Event.

61.    Emursive never gave the CX Parties permission to use the McKittrick Marks.

62.    In fact, on October 1, 2025, Emursive sent the CX Parties a letter demanding that they cease and desist from using the McKittrick Marks and remove all materials that use the McKittrick Marks.

63.    The CX Parties have refused to comply with Emursive's cease and desist demands, and their unauthorized infringement of the McKittrick Marks is ongoing.

64.    It is clear from the nature of the CX Parties' marketing assets for Defendants' Event, including their website as well as emails, Instagram postings, and Reddit posts, that the CX Parties intend to confuse consumers into believing their event is affiliated with the McKittrick Party or other events at THE MCKITTRICK HOTEL in general, or that Emursive endorses their event.

65.    Emursive never endorsed Defendants' Event.

66.    On information and belief, the CX Parties wish to capitalize on the goodwill and reputation of the McKittrick Marks and the McKittrick Party to attract consumers to their event.

67.    The similarity between Defendants' Event and the McKittrick Party is striking and increases the likelihood that consumers may believe that Emursive is affiliated with Defendants' Event. Specifically, both parties sell tickets to immersive Halloween events containing theatrical

elements and dancing, and guests are encouraged to wear costumes related to a central underlying theme.

68.    In their intentional effort to confuse consumers, the CX Parties have used design and creative elements in their advertising for Defendants' Event that are similar to (and in some cases closely resemble) those used by SLEEP NO MORE.

69.    For example, the photographs on the CX Parties' website use black-and-white, or dark blue or red colored filters to create a dark, seductive look resembling those used on Emursive's own Instagram page.

70.    Table 1 contains a sample of images from THE MCKITTRICK HOTEL Instagram page (@themckittrick) on the left-hand column and photos from Defendants' Event website on the right-hand column. As Table 1 illustrates, the CX Parties mimicked the imagery and styling used in the McKittrick Party in marketing Defendants' Event.

71.    Additionally, the people represented in the CX Parties' photos, like those in Emursive's photos, are wearing highly fashionable costumes that combine artistic elements with a glamorous sexual appeal.

72.    Table 1 illustrates how an unknowledgeable consumer might view Defendants' Event website, see the explicit reference to the McKittrick Marks, and falsely believe that Emursive is either directly involved or has endorsed their event in some manner.

*/Continues next page/*

**Table 1. Image Sample**

| The McKittrick Party Images | Tell No One Images |
|---|---|
|  |  |
|  |  |



73. The name, 'Tell No One,' in connection with these other facts, is likely to contribute to consumers' confusion regarding the CX Parties' use of the McKittrick Marks. 'Tell No One' is quite similar to 'SLEEP NO MORE' in that the phrase, like 'SLEEP NO MORE,' consists of three single-syllable words with the center word 'No,' each phrased as a directive not to act.

## AS FOR THE FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement (15 U.S.C. § 1114)

74.    Plaintiff repeats and re-alleges the preceding paragraphs as if more fully set forth at length herein with the same force and effect.

75.    Plaintiff owns THE MCKITTRICK HOTEL marks, both valid and protectable marks that are registered with the USPTO as Registration No. 5669479 and Registration No. 5919326, respectively.

76.    One of the THE MCKITTRICK HOTEL marks was registered in connection with the marketing and sale of "[e]ntertainment services, namely, cabarets and other live musical and theatrical performances."

77.    One of the THE MCKITTRICK HOTEL marks was registered in connection with the marketing and sale of "[e]ntertainment services, namely, cabarets and other live musical and theatrical performances" and "Bar and restaurant Services."

78.    The CX Parties used the THE MCKITTRICK HOTEL mark in commerce in connection with the sale of similar goods and services.

79.    Specifically, the CX Parties used THE MCKITTRICK HOTEL mark word-for-word on the marketing assets for Defendants' Event, including Defendants' Event's website, Instagram account, Reddit postings, and email advertisement.

80.    Defendants' Event is similar to the McKittrick Party and constitutes "[e]ntertainment services, namely, cabarets and other live musical and theatrical performances" and will provide bar and restaurant services.

81.    The CX Parties' use of Defendants' Event is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation.

82.     In fact, the CX Parties' use of Defendants' Event has already caused confusion in the marketplace, with consumers and Emursive's own employees demonstrating confusion as to whether Emursive is involved in producing Defendants' Event or in some way is sponsoring Defendants' Event.

83.     The CX Parties intentionally used THE MCKITTRICK HOTEL mark to exploit goodwill and reputation associated with that mark. The CX Parties' infringement was knowing, deliberate, and willful within the meaning of 15 U.S.C. §1117(a).

84.  Emursive is entitled to actual damages from CX Parties' use of the Mark, as well as reasonable royalties, profits, treble damages, and attorneys' fees and costs under 15 U.S.C. § 1117.

## AS FOR THE SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement (15 U.S.C. § 1114)

85.     Plaintiff repeats and re-alleges the preceding paragraphs as if more fully set forth at length herein with the same force and effect.

86.     Plaintiff owns the SLEEP NO MORE mark, a valid and protectable mark that is registered with the USPTO as Registration No. 4667117.

87.     The SLEEP NO MORE mark was registered in connection with the marketing and sale of "[e]ntertainment services, namely, live theatrical performances."

88.     The CX Parties used the SLEEP NO MORE mark in commerce in connection with the sale of similar goods and services.

89.     Specifically, the CX Parties used SLEEP NO MORE mark word-for-word on the marketing assets for Defendants' Event, including Defendants' Event's website, Instagram account, Reddit postings, and email advertisement.

90.    Defendants' Event is similar to the McKittrick Party, which Emursive branded under the SLEEP NO MORE mark in conjunction with "[e]ntertainment services, namely, live theatrical performances."

91.    The CX Parties' use of Defendants' Event is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation.

92.    In fact, the CX Parties' use of Defendants' Event has already caused confusion in the marketplace, with consumers and Emursive's own employees demonstrating confusion as to whether Emursive is involved in producing Defendants' Event or in some way is sponsoring Defendants' Event.

93.    The CX Parties intentionally used the SLEEP NO MORE mark to exploit goodwill and reputation associated with that mark. The CX Parties' infringement was knowing, deliberate, and willful within the meaning of 15 U.S.C. §1117(a).

94.    Emursive is entitled to actual damages from CX Parties' use of the Mark, as well as reasonable royalties, profits, treble damages, and attorneys' fees and costs under 15 U.S.C. § 1117.

**AS FOR THE THIRD CLAIM FOR RELIEF**
**(False Designation of Origin / Unfair Competition under 15 U.S.C. § 1125(a))**

95.    Plaintiff repeats and re-alleges the preceding paragraphs as if more fully set forth at length herein with the same force and effect.

96.    Through its public website and documents that the CX Parties sent to third parties, the CX Parties made statements to the general public that contained false, misleading, and/or deceptive statements about the nature, characteristics, qualities, and/or geographic origin of the products that the CX Parties allegedly have available for sale, which constitute commercial advertising and/or commercial promotion.

97.    Specifically, the CX Parties included the McKittrick Marks word-for-word on their marketing assets for Defendants' Event, including Defendants' Event's website, the Instagram page, email marketing, and Reddit posts about Defendants' Event.

98.    The CX Parties used the McKittrick Marks intentionally to create the appearance that Emursive produced, organized, sponsored, or was in some way affiliated with Defendants' Event.

99.    Plaintiff has no connection or role in Defendants' Event besides the CX Parties' unauthorized and unlawful use of the McKittrick Marks.

100.    The CX Parties' acts constitute false designation of origin, false association, and false advertising in violation of 15 U.S.C. §1125(a)(1)(A)-(B).

101.    Plaintiff has suffered, and will continue to suffer, irreparable harm from the CX Parties' misconduct complained of in this Complaint, unless enjoined by the Court.

102.    Plaintiff has suffered actual damages by the acts of the CX Parties in an amount to be proven at trial.

### AS FOR THE FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

103.    Plaintiff repeats and re-alleges the preceding paragraphs as if more fully set forth at length herein with the same force and effect.

104.    The CX Parties engaged in an unfair or deceptive business practice that is wrongful by specifically, using the McKittrick Marks without authorization in the marketing assets for Defendants' Event, including Defendants' Event's website, Instagram, email advertisements, and Reddit posts.

105.    The CX Parties' promotion, marketing and sale of tickets to Defendants' Event using the McKittrick Marks is likely to cause confusion, mistake or deception.

106.    Additionally, the CX Parties' promotion, marketing and sale of tickets to Defendants' Event using the McKittrick Marks is likely to give the false and misleading impression that Plaintiff is the organizer of Defendants' Event, is affiliated with the CX Parties, or in some way endorses Defendants' Event.

107.    Additionally, the CX Parties' promotion, marketing and sale of tickets to Defendants' Event using the McKittrick Marks is likely to lead to the passing off of the CX Parties' products as Plaintiff's.

108.    The CX Parties acted in bad faith and with the intended purpose of exploiting the goodwill and positive reputation associated with the McKittrick Marks and Plaintiff.

109.    The CX Parties' conduct has already resulted in actual confusion.

### AS FOR THE FIFTH CLAIM FOR RELIEF
#### (Injunction)

110.    Plaintiff repeats and re-alleges the preceding paragraphs as if more fully set forth at length herein with the same force and effect.

111.    On information and belief, the CX Parties' trademark infringement will continue unless enjoined by this Court. Pursuant to 15 U.S.C.A. § 1116, Plaintiff seeks a preliminary and permanent injunction against further trademark infringement by the CX Parties.

112.    The CX Parties' acts of trademark infringement have damaged Plaintiff in an amount to be determined at trial. Pursuant to 15 U.S.C.A. § 1117, Plaintiff is entitled to, among other things, seek the CX Parties' profits, actual damages, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

113.    The CX Parties' acts of trademark infringement have been and continue to be deliberate and willful and warrant an award of enhanced damages. Accordingly, Plaintiff is entitled

to seek a finding that this case is exceptional and warrants an award of treble damages and attorneys' fees pursuant to 15 U.S.C.A. § 1117.

114.    Plaintiff has no adequate remedy at law.

115.    Absent injunctive relief, Plaintiff will continue to suffer serious and irreparable harm.

## CONCLUSION

**WHEREFORE**, Plaintiff demands:

a)    That judgment be entered in favor of Plaintiff on Plaintiff's First Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, plus, without limitation, interest, enhanced damages, attorneys' fees, costs, and expenses;

b)    That judgment be entered in favor of Plaintiff on Plaintiff's Second Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, plus, without limitation, interest, enhanced damages, attorneys' fees, costs, and expenses;

c)    That judgment be entered in favor of Plaintiff on Plaintiff's Third Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, plus, without limitation, interest, enhanced damages, attorneys' fees, costs, and expenses;

d)    That judgment be entered in favor of Plaintiff on Plaintiff's Fourth Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, plus, without limitation, interest, enhanced damages, attorneys' fees, costs, and expenses;

e)    That judgment be entered in favor of Plaintiff on Plaintiff's Fifth Cause of Action for injunctive relief, requiring Defendant to restore the status quo prior to the unauthorized use of the McKittrick Marks pending a determination on Plaintiff's first, second, and third causes of action; and

f) That the Court award Plaintiff such other and further relief as is just and proper.

Dated:  New York, New York
       October 15, 2025

**PERAINO MALINOWSKI LLP**
*Counsel for Plaintiff*

By: /s/ Andrew J. Neiman, Esq.
Simon I. Malinowski, Esq.
Andrew J. Neiman, Esq.
152 Madison Avenue, 16th Floor
New York, New York 10016
smalinowski@pmlaw.nyc
aneiman@pmlaw.nyc

## <u>VERIFICATION</u>

I, Arthur Karpati, being duly sworn, state as follows:

1.        I am a member of the Plaintiff Emursive LLC in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
ARTHUR KARPATI

Sworn to before me this
_____day of October, 2025

_____
Notary Public

**VERIFICATION**

I, Arthur Karpati, being duly sworn, state as follows:

1.      I am a member of the Plaintiff Emursive LLC in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

ANDREW JOSEPH NEIMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02NE0041832
Qualified in New York County
My Commission Expires 09-19-2029

ARTHUR KARPATI

10-10-2025

Sworn to before me this
16th day of October, 2025

Notary Public

22