**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

EMURSIVE LLC,

Plaintiff,

-against-

OBERON GROUP, LLC; CENTAUR PROPERTIES, LLC; and MEANRED PRODUCTIONS LLC,

Defendants.

------------------------------------------------------------------------X

**25 Civ. 8561 (VEC) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

As discussed at the September 3, 2026 conference, the deposition of Arthur Karpati, in his capacity as Plaintiff Emursive LLC's Rule 30(b)(6) designee, shall resume and be completed on September 10, 2026. The deposition shall last no longer than five hours and 30 minutes. Counsel are required to comply with the ground rules set forth by the Hon. Margaret Garnett during the August 25, 2026, remote conference that began at 3:45 P.M. (*See* Transcript of Remote Conference, Aug. 25, 2026, 3:45 P.M. at 13:2–14:8). At the deposition, counsel also are required to conduct themselves in accordance with the New York State Standards of Civility, attached herewith. The parties must also send the transcript of the September 10, 2026 deposition to the Court (via email to my Chambers) as soon as practicable.

**SO ORDERED.**

DATED: New York, New York
September 3, 2026

The Honorable Gary Stein
United States Magistrate Judge

**22 NYCRR Part 1200, Appendix A**
**STANDARDS OF CIVILITY**
**As Amended January 24, 2020**

## PREAMBLE

The New York State Standards of Civility for the legal profession set forth principles of behavior to which the bar, the bench and court employees should aspire. (The term "court" as used herein also may refer to any other tribunal, as appropriate.) They are not intended as rules to be enforced by sanction or disciplinary action, nor are they intended to supplement or modify the Rules Governing Judicial Conduct, the Rules of Professional Conduct or any other applicable rule or requirement governing conduct. Instead they are a set of guidelines intended to encourage lawyers, judges and court personnel to observe principles of civility and decorum, and to confirm the legal profession's rightful status as an honorable and respected profession where courtesy and civility are observed as a matter of course.

The Standards of Civility are divided into two main sections, one that is generally applicable but also contains a number of items specifically directed to the litigation setting, and one that is more specifically directed to transactional and other non-litigation settings. The first section, in turn, is divided into four parts: lawyers' duties to other lawyers, litigants, witnesses and others; lawyers' duties to the court and court personnel; court's duties to lawyers, parties and witnesses; and court personnel's duties to lawyers and litigants. There is also a Statement of Client's Rights appended to the Standards of Civility.

As lawyers, judges, court employees and officers of the court, and as attorneys generally, we are all essential participants in the judicial process. That process cannot work effectively to serve the public unless we first treat each other with courtesy, respect and civility.

## SECTION 1 – GENERAL STANDARDS

## LAWYERS' DUTIES TO OTHER LAWYERS, LITIGANTS WITNESSES AND CERTAIN OTHERS

### I. Lawyers should be courteous and civil in all professional dealings with other persons.

A. Lawyers should act in a civil manner regardless of the ill feelings that their clients may have toward others.

B. Lawyers can disagree without being disagreeable. Effective representation does not require antagonistic or acrimonious behavior. Whether orally or in writing, lawyers should avoid vulgar language, disparaging personal remarks or acrimony toward other counsel, parties or witnesses.

C. Lawyers should not engage in conduct intended primarily to harass or humiliate witnesses.

D. Lawyers should require that persons under their supervision conduct themselves with courtesy and civility.

**II. When consistent with their clients' interests, lawyers should cooperate with opposing counsel in an effort to avoid litigation and to resolve litigation that has already commenced.**

A. Lawyers should avoid unnecessary motion practice or other judicial intervention by negotiating and agreeing with other counsel whenever it is practicable to do so.

B. Lawyers should allow themselves sufficient time to resolve any dispute or disagreement by communicating with one another and imposing reasonable and meaningful deadlines in light of the nature and status of the case.

**III. A lawyer should respect the schedule and commitments of opposing counsel, consistent with protection of the client's interests.**

A. In the absence of a court order, a lawyer should agree to reasonable requests for extensions of time or for waiver of procedural formalities when the legitimate interests of the client will not be adversely affected.

B. Upon request coupled with the simple representation by counsel that more time is required, the first request for an extension to respond to pleadings ordinarily should be granted as a matter of courtesy.

C. A lawyer should not attach unfair or extraneous conditions to extensions of time. A lawyer is entitled to impose conditions appropriate to preserve rights that an extension might otherwise jeopardize, and may request, but should not unreasonably insist on, reciprocal scheduling concessions.

D. A lawyer should endeavor to consult with other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts. A lawyer should likewise cooperate with opposing counsel when scheduling changes are requested, provided the interests of his or her client will not be jeopardized.

E. A lawyer should notify other counsel and, if appropriate, the court and other persons at the earliest possible time when hearings, depositions, meetings or conferences are to be canceled or postponed.

**IV. Responding to communications.**

A lawyer should promptly return telephone calls and electronic communications and answer correspondence reasonably requiring a response, as appropriate. (For the avoidance of doubt, the foregoing refers to communications in connection with matters in which the lawyer is engaged, not to unsolicited communications.) A lawyer has broad discretion as to the manner and time in which to respond and need not necessarily follow the same means or format as the original communication or the manner requested in the original communication.

**V. The timing and manner of service of papers should not be designed to cause disadvantage to the party receiving the papers.**

A. Papers should not be served in a manner designed to take advantage of an opponent's known absence from the office.

B. Papers should not be served at a time or in a manner designed to inconvenience an adversary.

C. Unless specifically authorized by law or rule, a lawyer should not submit papers to the court without serving copies of all such papers upon opposing counsel in such a manner that opposing counsel will receive them before or contemporaneously with the submission to the court.

**VI. A lawyer should not use any aspect of the litigation process, including discovery and motion practice, as a means of harassment or for the purpose of unnecessarily prolonging litigation or increasing litigation expenses.**

A. A lawyer should avoid discovery that is not necessary to obtain facts or perpetuate testimony or that is designed to place an undue burden or expense on a party.

B. A lawyer should respond to discovery requests reasonably and not strain to interpret the request so as to avoid disclosure of relevant and non-privileged information.

**VII. In depositions and other proceedings, and in negotiations, lawyers should conduct themselves with dignity and refrain from engaging in acts of rudeness and disrespect.**

A. Lawyers should not engage in any conduct during a deposition that would not be appropriate in the presence of a judge.

B. Lawyers should advise their clients and witnesses of the proper conduct expected of them in court, depositions and conferences, and make reasonable efforts to prevent clients and witnesses from causing disorder or disruption.

C. A lawyer should not obstruct questioning during a deposition or object to deposition questions unless necessary.

D. Lawyers should ask only those questions they reasonably believe are necessary for the prosecution or defense of an action. Lawyers should refrain from asking repetitive or argumentative questions and from making self-serving statements.

**VIII. A lawyer should adhere to all express promises and agreements with other counsel, whether oral or in writing, and to agreements implied by the circumstances or by local customs.**

**IX. Lawyers should not mislead.**

A. A lawyer should not falsely hold out the possibility of settlement as a means for adjourning discovery or delaying trial.

B. A lawyer should not ascribe a position to another counsel that counsel has not taken or otherwise seek to create an unjustified inference based on counsel's statements or conduct.

C. In preparing written versions of agreements and court orders, a lawyer should attempt to correctly reflect the agreement of the parties or the direction of the court.

**X. Lawyers should be mindful of the need to protect the standing of the legal profession in the eyes of the public. Accordingly, lawyers should bring the New York State Standards of Civility to the attention of other lawyers when appropriate.**

**LAWYERS' DUTIES TO THE COURT AND COURT PERSONNEL**

**I. A lawyer is both an officer of the court and an advocate. As such, the lawyer should always strive to uphold the honor and dignity of the profession, avoid disorder and disruption in the courtroom, and maintain a respectful attitude toward the court.**

A. Lawyers should speak and write civilly and respectfully in all communications with the court and court personnel.

B. Lawyers should use their best efforts to dissuade clients and witnesses from causing disorder or disruption in the courtroom.

C. Lawyers should be punctual and prepared for all court appearances; if delayed, the lawyer should notify the court and counsel whenever possible.

**II. Court personnel are an integral part of the justice system and should be treated with courtesy and respect at all times.**

**JUDGES' DUTIES TO LAWYERS, PARTIES AND WITNESSES**

**I. A Judge should be patient, courteous and civil to lawyers, parties and witnesses.**

A. A Judge should maintain control over the proceedings and insure that they are conducted in a civil manner.

B. Judges should not employ hostile, demeaning or humiliating words in opinions or in written or oral communications with lawyers, parties or witnesses

C. Judges should, to the extent consistent with the efficient conduct of litigation and other demands on the court, be considerate of the schedules of lawyers, parties and witnesses when scheduling hearings, meetings or conferences.

D. Judges should be punctual in convening all trials, hearings, meetings and conferences; if delayed, they should notify counsel when possible.

E. Judges should make all reasonable efforts to decide promptly all matters presented to them for decision.

F. Judges should use their best efforts to insure that court personnel under their direction act civilly toward lawyers, parties and witnesses.

**DUTIES OF COURT PERSONNEL TO THE COURT, LAWYERS AND LITIGANTS**

**I. Court personnel should be courteous, patient and respectful while providing prompt, efficient and helpful service to all persons having business with the courts.**

A. Court employees should respond promptly and helpfully to requests for assistance or information.

B. Court employees should respect the judge’s directions concerning the procedures and atmosphere that the judge wishes to maintain in his or her courtroom.

**SECTION 2 - STANDARDS FOR TRANSACTIONAL/NON-LITIGATION SETTINGS**

**INTRODUCTION**

Section 1 of the Standards of Civility, while in many respects applicable to attorney conduct generally, in certain respects addresses the practice of law in the setting of litigation and other formal adversary proceedings, where conduct is governed by a variety of specific procedural rules of order and may be supervised by a judge or other similar official. This Section 2, which is more directed to transactional and other non-litigation settings, should be read with Section 1 as one integrated whole for a profession that has multiple facets and spheres of activity.

The differences in practice between lawyers’ roles and the expectations in litigation and other settings can sometimes be significant. Although fewer formal rules of conduct and decorum apply outside of the litigation setting, lawyers conducting transactional work should keep Section 1 of Standards of Civility in mind, along with the following additional items.

**ADDITIONAL TRANSACTIONAL/NON-LITIGATION STANDARDS**

**I. A lawyer should balance the requirements and directions of the client in terms of timing with a reasonable solicitude for other parties. Unless the client specifically instructs to the contrary, a lawyer should not impose deadlines that are more onerous than necessary or appropriate to achieve legitimate commercial and other client-related outcomes.**

**II. A lawyer should focus on the importance of politeness and decorum, taking into account all relevant facts and circumstances, including such elements as the formality of the setting, the sensitivities of those present and the interests of the client.**

**III. Where an agreement or proposal is tentative or is subject to approval or to further review by a lawyer or by a client, the lawyer should be careful not to proceed without proper authorization or otherwise imply that authority from the client has been obtained when such is not the case.**